UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARLOW SHELTON MCDONALD, | Case No. 18-CV-3099 (PJS/TNL) |
| Petitioner, | |
| v. | ORDER |
| JEFF TITUS, Warden, Rush City Correctional Facility, Minnesota | |
| Respondent. | |

Zachary A. Longsdorf, LONGSDORF LAW FIRM, PLC, for petitioner.

Susan B. Devos, BLUE EARTH COUNTY ATTORNEY'S OFFICE; and Matthew Frank, MINNESOTA ATTORNEY GENERAL'S OFFICE, for respondent.

Petitioner Marlow Shelton McDonald was convicted by a jury in state court for committing a first-degree drug offense, a second-degree drug offense, a third-degree drug offense, two firearm offenses, and the offense of fleeing from a peace officer. *State v. McDonald*, No. A15-0268, 2016 WL 596222, at *1 (Minn. Ct. App. Feb. 16, 2016). After the jury found that McDonald had five or more prior felony convictions and that his crimes were committed as part of a pattern of criminal conduct, the state court sentenced McDonald to consecutive sentences of 316 months for the first-degree drug offense and 12 months and 1 day for fleeing a peace officer (and to concurrent sentences for the other offenses). *Id.* at *1-2. His convictions and sentences were affirmed on direct appeal. *Id.* at *9-10; ECF No. 11-8.

After McDonald's direct appeal concluded, the Minnesota Drug Sentencing Reform Act ("DSRA") took effect. 2016 Minn. Laws ch. 160. The DSRA increased the weight thresholds for first-degree drug offenses and generally reduced the sentencing guidelines for drug offenses. The Minnesota Supreme Court held that the increased weight thresholds applied only to crimes committed after the effective date of the DSRA, *State v. Otto*, 899 N.W.2d 501 (Minn. 2017), but that the reduced sentencing guidelines applied to convictions that were not final on the DSRA's effective date, *State v. Kirby*, 899 N.W.2d 485 (Minn. 2017).

In July 2017, McDonald filed a petition for postconviction relief in state court. *See* ECF No. 11-9 at 6. The state trial court granted his petition to the extent that he sought resentencing on his first-degree drug offense under the reduced guidelines, but denied his petition in all other respects. ECF No. 11-9 at 35-45. The state trial court resentenced McDonald to 250 months on the first-degree drug offense. ECF No. 11-9 at 45. The Minnesota Court of Appeals affirmed the trial court's decision, *McDonald v. State*, No. A18-0064, 2018 WL 3614669 (Minn. Ct. App. July 30, 2018), and the Minnesota Supreme Court denied review, *McDonald v. State*, No. A18-0064, Order (Minn. Oct. 24, 2018).

McDonald then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging six grounds for relief. ECF No. 1. In a report and recommendation

("R&R"), Magistrate Judge Tony N. Leung recommended denying McDonald's petition and dismissing with prejudice all of his claims. ECF No. 17. Judge Leung concluded that five of McDonald's claims were procedurally barred and that his sixth claim—an equal-protection challenge to his resentencing—was meritless.

This matter is before the Court on McDonald's objection to the R&R. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules McDonald's objection and adopts the R&R.[1]

## I. PROCEDURAL DEFAULT

In his § 2254 petition, McDonald claims that (1) his right to equal protection was violated when the state trial court (a) refused to apply the DSRA's increased weight thresholds to his case and (b) resentenced him under a sentencing scheme that discriminates on the basis of race;[2] (2) his Sixth Amendment right to present a complete defense was violated when the trial court ruled that all of his past convictions would be admissible to impeach him if he testified at trial; (3) his right to due process was violated when the prosecutor engaged in misconduct during the "*Blakely* portion" of his

---

[1]In his R&R, Judge Leung thoroughly described McDonald's state-court proceedings. The Court will not recount those proceedings again.

[2]McDonald also claims that these decisions violated his right to due process, but McDonald's arguments relate solely to the Equal Protection Clause, and he does not make any distinct arguments under the Due Process Clause. Like Judge Leung, this Court will assume that McDonald's due-process arguments are identical to his equal-protection arguments. ECF No. 17 at 15.

sentencing proceeding; (4) his right to a speedy trial was violated; (5) his right to due process was violated when the State engaged in sentencing manipulation; and (6) his Sixth Amendment right to effective assistance of counsel was violated. *See* ECF No. 1.

*A. Failure to Exhaust and Procedural Default*

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (cleaned up). A federal claim is "fairly presented" if the petitioner refers to "'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (quoting *Myre v. Iowa*, 53 F.3d 199, 200-01 (8th Cir. 1995)).

When a claim is not exhausted because it has not been fairly presented to the state courts, that claim will be found procedurally defaulted—i.e., the petitioner will be barred from pursuing that claim in a § 2254 proceeding—if the state courts would not "accord the petitioner a hearing on the merits" of that claim because the petitioner has

not "complied with state procedural rules governing post-conviction proceedings." *McCall*, 114 F.3d at 757. "If state procedural rules prevent the petitioner from obtaining such a hearing, then the petitioner is also procedurally barred from obtaining habeas relief in a federal court unless he can demonstrate either cause and actual prejudice, or that a miscarriage of justice will occur if [the court does] not review the merits of the petition." *Id.*

1. Speedy-Trial and Sentencing-Manipulation Claims

McDonald objects to Judge Leung's conclusion that McDonald's speedy-trial and sentencing-manipulation claims are unexhausted and procedurally defaulted.

On direct appeal, McDonald was represented by counsel, but the Minnesota Court of Appeals allowed McDonald to file a supplemental pro se brief. In that pro se brief, McDonald raised his speedy-trial and sentencing-manipulation claims. ECF No. 13-1 at 10-14, 15-21. The Minnesota Court of Appeals rejected those claims on the merits. *McDonald*, 2016 WL 596222, at *7-9.

Through counsel, McDonald then filed a petition for review with the Minnesota Supreme Court. ECF No. 11-6. As required by Minn. R. Civ. App. P. 117, subd. 3(a), McDonald included "a statement of the legal issues sought to be reviewed" and described "the disposition of those issues by the Court of Appeals." *See* ECF No. 11-6 at 3-4. In identifying the issues that he wanted the Minnesota Supreme Court to review,

McDonald did not include either his speedy-trial claim or his sentencing-manipulation claim, nor did he describe how the Minnesota Court of Appeals had disposed of those claims. The only mention of those claims was made in a one-sentence footnote, in which McDonald's attorneys noted that, before the Court of Appeals, McDonald had "challenged the violation of his right to a speedy trial and alleged sentencing manipulation" in a "Pro Se Supplemental Brief." ECF No. 11-6 at 3 n.1.

The Court agrees with Judge Leung that McDonald did not exhaust his speedy-trial and sentencing-manipulation claims because he did not fairly present them to the Minnesota Supreme Court. McDonald's claims are nowhere to be found in his list of issues for review. McDonald's petition also did not describe how the Minnesota Court of Appeals had disposed of those claims, nor discuss how the Minnesota Court of Appeals had erred, nor describe why the issues merited review by the Minnesota Supreme Court. The only mention of the issues was in a cursory footnote, which pointed out that McDonald had filed a pro se brief raising these issues in the Court of Appeals. Nothing in McDonald's petition alerted the Minnesota Supreme Court that McDonald was asking *it* to review these issues.

The Court also agrees with Judge Leung that McDonald's speedy-trial and sentencing-manipulation claims are procedurally defaulted under *State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976). According to *Knaffla*, after "direct appeal has once been

taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Id.* at 741. The *Knaffla* rule is well known to judges and attorneys in Minnesota, has been "consistently followed" for decades, and serves as an adequate and independent state-law basis for procedural default. *Murray v. Hvass*, 269 F.3d 896, 899-900 (8th Cir. 2001).

In sum, McDonald did not fairly present his speedy-trial and sentencing-manipulation claims to the Minnesota Supreme Court, and he cannot now present those claims to any Minnesota court because of *Knaffla*. *See, e.g.*, *Murphy v. King*, 652 F.3d 845, 848-51 (8th Cir. 2011) (holding that a habeas petitioner was procedurally barred from raising a claim that he had failed to fairly present to the Minnesota Supreme Court).[3] McDonald's speedy-trial and sentencing-manipulation claims are therefore procedurally defaulted in this § 2254 proceeding.

---

[3]McDonald attempted to raise his sentencing-manipulation claim during his state postconviction proceedings, but the trial court (unsurprisingly) found that the claim was barred by *Knaffla*. *See McDonald*, 2018 WL 3614669, at *2. The Minnesota Court of Appeals held that McDonald's appeal of the trial court's ruling on the sentencing-manipulation claim was untimely, *id.*, and McDonald did not present the claim to the Minnesota Supreme Court, ECF No. 11-12 at 1-2. This Court does not doubt, however, that if they had ruled on the issue, the Minnesota Court of Appeals and the Minnesota Supreme Court would have agreed with the trial court that McDonald's sentencing-manipulation claim was barred by *Knaffla*.

2. Complete-Defense and Prosecutorial-Misconduct Claims

McDonald objects to Judge Leung's conclusion that McDonald's complete-defense and prosecutorial-misconduct claims are unexhausted and procedurally defaulted. McDonald's complete-defense claim is his argument that his Sixth Amendment right to present a complete defense was violated when the trial court ruled that, if McDonald testified, all of his prior convictions would be admitted to impeach him. McDonald's prosecutorial-misconduct claim is his argument that, during the *Blakely* portion of his sentencing proceeding, the prosecutor violated the Due Process Clause by improperly referring to a number of dismissed charges in front of the jury.

On direct appeal, McDonald argued in his petition for review to the Minnesota Supreme Court that the trial court erred when it ruled that all of McDonald's past convictions could be used to impeach him and when it allowed the prosecutor to refer to the dismissed charges during sentencing. But nowhere in the petition for review did McDonald alert the Minnesota Supreme Court to the *federal* nature of these claims by referring to "'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" *McCall*, 114 F.3d at 757 (quoting *Myre*, 53 F.3d at 200-01). To the contrary, McDonald's petition for review focused exclusively on alleged errors of *state* law.

Consequently, McDonald did not meet his burden of fairly presenting the substance of his federal claims to the Minnesota Supreme Court.[4]

Both of these claims are also procedurally barred under *Knaffla*, as the claims were raised on direct appeal to the Minnesota Court of Appeals (and therefore "known"), but were not raised in the petition for review to the Minnesota Supreme Court, and thus the claims "will not be considered upon a subsequent petition for postconviction relief." 243 N.W.2d at 741. McDonald's complete-defense and prosecutorial-misconduct claims are therefore procedurally defaulted in this § 2254 proceeding.

### 3. Ineffective-Assistance Claim

In his state postconviction proceeding, McDonald claimed for the first time that he did not receive the effective assistance of counsel at trial. This claim was not

---

[4]McDonald did make the federal nature of his claims clear to the Minnesota Court of Appeals, which, by affirming McDonald's conviction, necessarily rejected his arguments. And McDonald's petition for review to the Minnesota Supreme Court obviously discussed the opinion of the Minnesota Court of Appeals. But this was not sufficient to "fairly present" McDonald's federal claims to the Minnesota Supreme Court. "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). To exhaust a federal claim, a petitioner must present the claim "within the four corners of his appellate briefing." *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005). Here, McDonald did not make the federal nature of his claims apparent within the "four corners" of his petition for review to the Minnesota Supreme Court.

presented to the Minnesota Court of Appeals or the Minnesota Supreme Court on direct appeal, even though the claim is based on facts that are contained in the trial record and that were known to McDonald at the time that he appealed his convictions and sentences. Thus the claim was not exhausted.

Moreover, an ineffective-assistance claim that is based on facts known to the defendant at the time of direct appeal is barred by *Knaffla* if it is not raised on direct appeal. *Reed v. State*, 793 N.W.2d 725, 732 (Minn. 2010) ("The *Knaffla* rule bars a postconviction ineffective-assistance-of-trial-counsel claim if the claim is based solely on the trial record and the claim was known or should have been known on direct appeal."). McDonald's ineffective-assistance claim is therefore procedurally defaulted in this § 2254 proceeding.[5]

---

[5]As noted, McDonald petitioned the state trial court for postconviction relief. In his state petition, McDonald included a number of claims, including the sentencing-manipulation, complete-defense, and ineffective-assistance claims that he is pursuing in this § 2254 proceeding. *McDonald*, 2018 WL 3614669, at *2. The trial court issued two orders with respect to McDonald's claims: First, on August 17, 2017, the trial court "granted, in part, McDonald's petition, determining that McDonald was entitled to resentencing for his first-degree controlled-substance crime but denied all other requested relief on the ground that the claims are *Knaffla*-barred." *Id.* Second, on November 14, 2017, the trial court "amended McDonald's 316-month sentence to a 250-month sentence." *Id.*

McDonald appealed from both the August 17 and November 14 orders, but the Minnesota Court of Appeals found that the appeal from the August 17 order was untimely under Minn. R. Crim. P. 28.02. *Id.* Therefore, the Court of Appeals addressed only the issues raised in the November 14 order. *Id.*

(continued...)

### B. *Waiver of Procedural Default*

The Court has found that all of McDonald's claims—save for his equal-protection claim—are procedurally defaulted. McDonald argues, however, that the Court should nevertheless reach the merits of his claims because the State waived its procedural-default defenses by failing to raise them during these proceedings (except with respect to the ineffective-assistance claim, *see* ECF No. 18 at 7).

McDonald is correct that the State generally forfeits procedural-default defenses by not raising them. *See Jones v. Norman*, 633 F.3d 661, 666 (8th Cir. 2011) ("When a state fails 'to advance a procedural default argument, such argument is waived.'" (quoting *Robinson v. Crist*, 278 F.3d 862, 865 (8th Cir. 2002))). As with most general rules, though, there is an exception: A court may raise procedural default sua sponte if (1) the State did not expressly waive the defense and (2) both parties are afforded fair notice and an opportunity to be heard on the issue. *See* 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon

---

[5](...continued)
Judge Leung cited McDonald's failure to bring a timely appeal of the August 17 order as an additional reason why some of McDonald's claims should be deemed procedurally defaulted. ECF No. 17 at 9-10. The Court has determined that those claims are procedurally defaulted for reasons unrelated to McDonald's alleged violation of Rule 28.02. Therefore, the Court need not address Judge Leung's analysis of Rule 28.02, nor McDonald's arguments (1) that a violation of Rule 28.02 cannot be an independent and adequate state ground for dismissal of a claim and (2) that McDonald can demonstrate cause and prejudice.

the requirement unless the State, through counsel, expressly waives the requirement."); *Dansby v. Hobbs*, 766 F.3d 809, 824 (8th Cir. 2014) ("A federal court has discretion to address procedural default in a habeas corpus case despite the State's failure to present the issue properly. The Supreme Court has held that before a court may address sua sponte a different procedural defense—timeliness of a habeas petition—it must give the parties fair notice and an opportunity to present their positions. The same requirements of notice and opportunity to be heard should apply when a federal court chooses to address procedural default on its own initiative." (citations omitted)); *Chavez-Nelson v. Walz*, No. 17-CV-4098 (PJS/SER), 2019 WL 332200, at *1 (D. Minn. Jan. 25, 2019) ("When a state fails to raise an affirmative defense to a habeas petition (such as failure to exhaust or procedural default), a court may nevertheless rely on the defense as long as the state did not expressly waive it.").

In this case, the State did not expressly waive any defense relating to exhaustion or procedural default. "'[T]he plain and ordinary meaning of the term 'express' means directly stated or written, and is meant to distinguish situations where a message is implied or left to inference.'" *Chavez-Nelson*, 2019 WL 332200, at *2 (quoting *Grinnell Mut. Reinsurance Co. v. Villanueva*, 798 F.3d 1146, 1148 (8th Cir. 2015)). With respect to all of McDonald's claims (except his ineffective-assistance claim), the State was silent about the issues of exhaustion and procedural default. The State's silence plainly does

not constitute an *express* waiver. *See Hampton v. Miller*, 927 F.2d 429, 431 (8th Cir. 1991) (holding that an express waiver exists when the State "unequivocally concedes in pleadings" that the petitioner exhausted his claims in state court).

In addition, both parties were provided with notice and an opportunity to be heard on the issues of exhaustion and procedural default. The R&R put McDonald and the State on notice that the Court might rely on exhaustion and procedural default to dismiss most of the claims raised in McDonald's § 2254 petition. And the opportunity to object to the R&R gave McDonald and the State a reasonable opportunity to be heard on the matter. *See, e.g.*, *Chavez-Nelson*, 2019 WL 332200, at *2 (holding that an R&R recommending dismissal based on the doctrines of exhaustion and procedural default provided "notice" to the parties and that the parties' opportunity to object to the R&R provided a "full opportunity to be heard"); *see also Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (applying an abuse-of-discretion standard to the district court's sua sponte application of procedural default and concluding that "the Magistrate Judge's Memorandum and Recommendation placed Magouirk on notice that procedural default was a potentially dispositive issue" and that the petitioner's opportunity to object to the R&R provided "a reasonable opportunity to oppose application of the procedural default doctrine").

As it has done in the past, *see Chavez-Nelson*, 2019 WL 332200, at *2, this Court will apply the exhaustion and procedural-default doctrines, notwithstanding the State's failure to assert those defenses in its pleadings and briefs. Those defenses are designed not just to protect the interests of the parties to a particular lawsuit, but "to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). For the reasons described above, then, the Court holds that all of McDonald's claims are procedurally defaulted, save for his equal-protection challenge to his resentencing under the DSRA.

## II. MERITS

McDonald's equal-protection claim consists of two distinct arguments:

McDonald first argues that the State violated the Equal Protection Clause by punishing him more harshly than similarly situated defendants based solely on when he committed his offense. McDonald sold approximately 13 grams of methamphetamine. ECF No. 11-9 at 28. Prior to the enactment of the DSRA, selling 13 grams of methamphetamine was a first-degree controlled-substance offense. After enactment of the DSRA, selling 13 grams of methamphetamine is a second-degree controlled-substance offense. According to McDonald, providing different

punishments to defendants who commit identical crimes based solely on the timing of those crimes violates the Equal Protection Clause.

Of course, if McDonald's argument had merit, neither the federal government nor any state could ever increase or decrease the punishment for *any* crime—something that the federal government and states have routinely done since the founding of the Republic—because changing the penalties for a crime *always* results in pre-change defendants being treated differently from post-change defendants based solely on when they committed their offenses. Fortunately, McDonald's argument does not have merit.

"The Equal Protection Clause generally requires the government to treat similarly situated people alike." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994). A corollary to this principle is that "[d]issimilar treatment of dissimilarly situated persons does not violate equal protection." *Id.* A person who sold 13 grams of methamphetamine before the DSRA was enacted is not similarly situated in all material respects to a person who sold 13 grams of methamphetamine after the DSRA was enacted. McDonald decided to sell 13 grams of methamphetamine at a time when such a sale was classified as a first-degree controlled-substance offense and punished accordingly. Someone who decides to sell 13 grams of methamphetamine today is doing so at a time when such a sale is classified as a second-degree controlled-substance offense and punished accordingly. The two individuals are making different decisions

to violate different laws carrying different penalties. Thus, the two individuals are not similarly situated in all material respects. *See Moffett v. Collier*, No. A-10-CA-676 SS, 2011 WL 2173589, at *4-5 (W.D. Tex. June 2, 2011) (rejecting the petitioner's "novel view of equal protection" under which "all prisoners, regardless of the date each committed his criminal offense, are 'similarly situated'").

McDonald also argues that he was sentenced in violation of the Equal Protection Clause because African Americans (such as McDonald) make up a disproportionate share of those arrested, convicted, and imprisoned for drug offenses. The Court dismisses McDonald's claim for the reasons explained by Judge Leung.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES petitioner's objection [ECF No. 18] and ADOPTS the R&R [ECF No. 17]. IT IS HEREBY ORDERED THAT:

1. McDonald's petition for a writ of habeas corpus under 28 U.S.C. § 2254 [ECF No. 1] is DENIED.

2. This action is DISMISSED WITH PREJUDICE.

3. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 6, 2019      s/Patrick J. Schiltz
                             Patrick J. Schiltz
                             United States District Judge